IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GARY THOMPSON | § |
| | § |
| | § CIVIL NO. 2:21-cv-391 |
| VS. | § JURY DEMAND |
| | § |
| BLUE TRITON BRANDS, INC. FKA | § |
| NESTLE WATERS NORTH AMERICA | § |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Gary Thompson, files this Complaint and Jury Demand against Defendant Blue Triton Brands, Inc. FKA Nestle Waters North America, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA") and the Family and Medical Leave Act ("FMLA"). For causes of action, Plaintiff would show the Court as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331.

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1391 in that the Plaintiff is a resident of the district, the Defendant is doing business in this district, and the activities giving rise to the Plaintiff's claim took place in this district.

3. The company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of the ADA and the FMLA.

4. Within 180 days of the occurrence of the acts which Plaintiff complains, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiff herein on or about May 10, 2018, against the company.

5. On July 23, 2021, Plaintiff received a "Notice of Right to Suit" from the Dallas District office of the Equal Employment Opportunity Commission and a civil action is now instituted in the appropriate Federal District Court within ninety (90) days of the date the receipt of said notice.

## PARTIES

6. Plaintiff, **GARY THOMPSON** is an individual residing in Mineola, Texas.

7. Defendant, **BLUE TRITON BRANDS, INC. FKA NESTLE WATERS NORTH AMERICA** has continuously been and is now a foreign corporation doing business in Wood County, Texas. Defendant's registered agent for service is CT Corporation System, 1999 Bryan St. Ste 900, Dallas, Texas 75201. The company has continuously and does now employ more than five hundred (500) persons.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant as a filler operator than a utility worker/forklift operator from March 10, 2003 until his termination on or about June 12, 2018.

9. Plaintiff requested and received intermittent leave under the FMLA to care for his wife who suffers from an actual disability. Plaintiff's supervisor repeatedly interfered with Plaintiff's need to utilize the FMLA as well as harassing Plaintiff whileout of work assisting his wife on FMLA.

10. On May 18, 2017, after a long string of attendance issues because of the Plaintiff's use of his granted intermittent FMLA, Plaintiff was informed of yet another occurrence by Dorothy Martinez in Human Resources that he had been charged with two no call/no shows against his attendance record despite the fact that his absences were covered by his intermittent FMLA.

11. On May 19, 2017, Plaintiff called the company Alert Line, as provided by Dorothy from Human Resources to complain about being discriminated against because of his relationship to

someone with a disability (his wife) and for whom Plaintiff required intermittent FMLA to care for her. Plaintiff explained that since his employer, and specifically David Bryant – Department Manager – found out about Plaintiff's relationship to someone with a disability and the need for intermittent FMLA, Plaintiff felt like he had a target on his back and was repeatedly subjected to harassment.

12. On May 25, 2017, David Bryant attempted to force Plaintiff to switch to the night shift, which he knew was not an option for Plaintiff because of his wife's condition.

13. Mr. Bryant continued to harass Plaintiff about his absences that were excused by his intermittent FMLA, threatening disciplinary action for those excused absences.

14. On April 13, 2018, David Bryant – Department Manager - administered disciplinary action against Plaintiff for allegedly letting a preform hopper run out of material which slowed down production. The preform hopper ran out while Plaintiff was on a scheduled break. Plaintiff's job responsibilities during his break were being covered by John Parker – Injection Tech. John Parker, who is outside the Plaintiff's protected class and was clearly responsible for the incident, was not subjected to any disciplinary action for this incident. Despite explaining the circumstances to Mr. Bryant, Plaintiff was ignored and falsely accused of insubordination. Plaintiff was walked out of the building by Mr. Bryant for insubordination as if he was terminated. Mr. Bryant who told the Plaintiff, "this is insubordination and I want you out of here" Plaintiff believes this action to have been ongoing retaliation for filing a complaint of discrimination against Mr. Bryant with the employer Alert Line.

15. Later that day, after Plaintiff arrived home, he was texted about coming back by Jeri Goswick - Human Resources Manager - who acted as if nothing had ever happened.

16. On May 30, 2018, Plaintiff was placed on a final warning for attendance for using intermittent FMLA time to care for his wife. Defendant had delayed the approval of Plaintiff's FMLA paperwork to set him up for failure. Defendant wrote up Plaintiff repeatedly during that delay to harass

Plaintiff because of his relationship to someone with a disability.

17. The harassing write ups led to the final warning on which Plaintiff was placed on May 30, 2018.

18. Plaintiff believes this harassment in the form of false write ups is ongoing retaliation for filing a complaint of discrimination against Mr. Bryant with the employer Alert Line.

19. On June 5, 2018, Plaintiff was asked by David Bryant – Department Manager - to operate the palletizer, a machine for which Plaintiff received no training, and refused for safety reasons.

20. Other similarly situated coworkers outside the Plaintiff's protected class were given two weeks of training before being allowed to use the palletizer.

21. Plaintiff asserts that because of safety standards and the complexity of running the palletizer that it was unsafe for him to run the machine without proper training.

22. Plaintiff asserts that the resulting disciplinary action taken against him and subsequent harassment was due to his refusal to break safety protocols.

23. Regardless of these safety protocols, David Bryant attempted to force Plaintiff to operate the palletizer.

24. When Plaintiff refused to operate the palletizer, Mr. Bryant once again accused Plaintiff of insubordination, instructing him to go to the office to fill out the paperwork for further discipline.

25. Plaintiff believes this harassment was ongoing retaliation for engaging in the protected activity of filing a complaint of discrimination against Mr. Bryant with the employer Alert Line.

26. Plaintiff chose at that point to resign under Constructive Discharge, as the working environment had become so hostile that the stress and anxiety that it was causing him and his wife,

sick at home, was no longer acceptable for his health.

27. On June 12, 2018, Plaintiff received notification from Jeri Goswick - Human Resources Manager – of his separation from his employment from Defendant.

## III.

## CAUSES OF ACTION

### COUNT ONE

**Discrimination on the Basis of Association with a Person with a Disability**

**in violation of the ADA and TCHRA**

28. Plaintiff realleges all of the factual allegations in the previous paragraphs.

29. Defendant violated the Americans with Disabilities Act by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.*

30. Under 42 U.S.C. §12112 it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's association with a person with a disability, which in this case is his wife.

31. Defendant is an employer under the ADA.

32. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination. Plaintiff's wife is a qualified individual with a disability.

33. The basis for Plaintiff's harassment was based on his association with his disabled wife.

34. Plaintiff's resignation was as a direct result of the harassment based on his association with his disabled wife.

35. Defendant violated the ADA by intentionally discriminating against Plaintiff because of his association with a person with a disability by terminating Plaintiff's employment.

Plaintiff's association with a person with a disability was a determining or motivating factor in Defendant's decision to harass Plaintiff in an attempt to coerce his resignation from the company.

## COUNT TWO

### Family and Medical Leave Act

36. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

37. Plaintiff availed himself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to harass Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to harass Plaintiff, and as such was a cause of Plaintiff's damages, as set forth below. Defendant also counted absences which were covered by his FMLA leave in violation of the FMLA.

38. The taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commended. See 29 U.S.C. §2614(a)(2). Defendant violated these provisions of the FMLA by counting his FMLA protected absences against his attendance record.

### IV.

### ECONOMIC DAMAGES

39. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and

actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

## V.

## COMPENSATORY DAMAGES

40. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his association with a person with a disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

41. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## LIQUIDATED DAMAGES

42. Pursuant to the FMLA, Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

43. A prevailing party may recover reasonable attorneys' and experts' fees. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.

## JURY DEMAND

44. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

        Respectfully submitted,

        /s/ *William S. Hommel, Jr.*
        William S. Hommel, Jr.
        State Bar No. 09934250
        Hommel Law Firm
        5620 Old Bullard Road, Suite 115
        Tyler, Texas 75703
        (903) 596-7100 Phone/Facsimile
        bhommel@hommelfirm.com

        ATTORNEY FOR PLAINTIFF